# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Randie Lee Grainger, | ) |
|               Plaintiff, | ) Civil Action No.: 8:22-cv-00782-JMC |
| v. | ) **ORDER AND OPINION** |
| Director Rhodes, Unit Managers Smith, Cantright, and Elliot, Major Johnson, Lieutenants Johnson, Eden, and Boyd, Sergeant Lauzon, Corporals Shouer and Falvo, and Officer Browning, | ) |
|               Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 3, 2022. (ECF No. 16.) The Report recommends that the court dismiss Plaintiff's Complaint (ECF No. 1) because of Plaintiff's failure to bring the case into proper form and state a claim for relief. (ECF No. 16 at 5-8.)

For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and incorporates it herein, and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates without a full recitation. (ECF No. 16 at 1-5.) Plaintiff, a pretrial detainee at the J. Reuben Long Detention Center in Conway, South Carolina, brings this action alleging violations of his constitutional right to be free from "cruel, unusual[, and] indefinite forms of punishment." (ECF No. 1 at 4.) Plaintiff alleges that on February 20, 2022, prison official Corporal Shouer placed

1

him in a detention unit as punishment for an infraction, stating he would "put [Plaintiff] in the darkest, most hopeless part of this jail." (ECF No. 1 at 5.) Within ten (10) days, Plaintiff alleges another prison official, Corporal Falvo, gave him a hearing, and sentenced him to ten (10) days "in lockup in B-4." (*Id*.) Plaintiff alleges that upon his release, he was transferred to another punitive detention unit in C-4 without a hearing, instead of being returned to the general population unit. (*Id*.) Plaintiff explains that this amounts to cruel and unusual punishment and seeks to be returned to general population. He also requests monetary damages for his alleged mental harms in the form of actual and punitive damages. (*Id*. at 7.) Plaintiff brings this action pursuant to 28 U.S.C. § 1915 and 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights because he was subjected to "cruel, unusual[, and] indefinite forms of punishment." (*Id*. at 4.)

The Magistrate Judge ordered Plaintiff to bring his case into proper form and submit the required filing fee or a motion to proceed *in forma pauperis* by April 4, 2022, warning him that failure to comply could result in the dismissal of his case. (ECF No. 5 at 1.) Plaintiff did not file an amended complaint but did file a Motion for Leave to Proceed *In Forma Pauperis*, which the Magistrate Judge granted. (ECF Nos. 7 & 11.)

As part of her Second Proper Form Order, the Magistrate Judge analyzed Plaintiff's Complaint and found that the factual allegations therein could not support the alleged constitutional violations. (ECF No. 12 at 6-8.) The Magistrate Judge clarified that any named Defendants against whom no allegations were raised in the Complaint are entitled to summary dismissal. (*Id*. at 5-6.) The Magistrate Judge also acknowledged that "[a]s a pretrial detainee, Plaintiff has a due process right against restrictions that amount to punishment." (*Id*. at 7 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). She explained, however, that the Complaint as written did not properly state a claim for relief because Plaintiff had not "allege[d] facts showing the

2

second unit constituted disciplinary segregation that triggers due process." (*Id*.) Plaintiff was again granted permission to file an amended complaint within twenty-one (21) days, by April 22, 2022, correcting the deficiencies listed in the Order and leveling allegations against all named defendants or providing additional facts regarding the punitive conditions of his second detention unit. (*Id*. at 8.) The Magistrate Judge informed Plaintiff again that his failure to cure these deficiencies would result in a recommendation to this court that his case be dismissed. (*Id*.) To date, Plaintiff has not filed an amended complaint. Once the twenty-one (21) day period elapsed, the Magistrate Judge issued the instant Report and Recommendation, where she reiterated that the Complaint did not plausibly state a claim for relief. (*Id*.) Accordingly, the Magistrate Judge now recommends Plaintiff's Complaint be dismissed in its entirety pursuant to 28 U.S.C. § 1915 and § 1915A, without issuance and service of process. (*Id*.)

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72

advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, Plaintiff has not objected to the Report, and the court discerns no clear error on the face of the record. Plaintiff did not file an amended complaint and has not clarified the facts underpinning his constitutional claims despite the Magistrate Judge's explicit instructions and multiple opportunities to do so.

Thus, after a thorough review of the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 31, 2022
Columbia, South Carolina